NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COURTNEY LOSSMANN; BRIAN RICHARD, on behalf of their minor child; A.R., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> THE SAGE INTERNATIONAL SCHOOL OF BOISE, a Public Charter School, <br><br> Defendant-Appellee. | No. 19-35769 <br><br> D.C. No. 1:18-cv-00412-BLW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted June 5, 2020
Portland, Oregon

Before: TASHIMA, BERZON, and COLLINS, Circuit Judges.

Courtney Lossmann and Brian Richard, on behalf of their daughter A.R.,

("Plaintiffs") appeal the district court's adverse grant of summary judgment in their

action against The Sage International School of Boise ("Sage") under Title IX of

the Education Amendments of 1972 ("Title IX"), 86 Stat. 373, as amended, 20

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1681 *et seq*. We affirm.

A plaintiff seeking to hold liable a recipient of federal funding for its handling of allegations of student-to-student sexual misconduct must show that the school acted with "deliberate indifference" to sexual harassment "that is so severe, pervasive, and objectively offensive that it can be said to deprive the [plaintiff] of access to the educational opportunities or benefits provided by the school." *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648–50 (1999). Plaintiffs assert that Sage acted with deliberate indifference when it failed to invoke its Title IX grievance process in response to A.R.'s report of an off-campus sexual assault.

*Karasek v. Regents of University of California*, 956 F.3d 1093 (9th Cir. 2020), recently rejected the argument that failure to follow an internal Title IX procedure meets the deliberate indifference standard "per se," explaining that this Court "cannot say that [a school] was deliberately indifferent solely by disregarding . . . its own policies." *Id.* at 1107.[1] *Karasek* held that where a school's

---

[1] Plaintiffs argue that *Karasek* is distinguishable because Sage failed to invoke its Title IX policy *at all*. The basis for such a distinction is not apparent; invoking a policy but not following it provides no more relief than not invoking it. Moreover, it does not appear that a Title IX grievance process was formally invoked in *Karasek*. The university in *Karasek* determined that Karasek's complaint "could be resolved without a formal investigation by [the Title IX] office" and instead handled through an "early resolution process." *Karasek*, 956 F.3d at 1100–01. The informal process involved in *Karasek*, which mostly involved the university meeting separately with Karasek and the subject of her complaint, was not meaningfully different from Sage's response to A.R.'s report. *Id.* at 1099–1101.

"noncompliance" with its own policies "was, at most, 'negligent, lazy, and careless,'" the response to a complaint of sexual misconduct does not for that reason constitute deliberate indifference. *Id.* at 1108 (quoting *Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006) (brackets omitted)). Although Sage made several mistakes in handling A.R.'s complaint, there is no evidence that its errors were deliberately indifferent, rather than "negligent, lazy, and careless." *Karasek*, 956 F.3d at 1108.

Further, Plaintiffs failed to present sufficient evidence to show that Sage's response was "clearly unreasonable in light of the known circumstances." *Davis*, 526 U.S. at 648. A principal at Sage took immediate action upon hearing A.R.'s report, interviewing both parties and communicating with their parents. Sage kept in close contact with A.R. in the weeks after her report and provided her with frequent counseling. A principal at Sage told N.J., the subject of A.R.'s complaint, to avoid contact with A.R., and further investigated A.R.'s report by asking A.R. and N.J.'s shared teachers if they noticed any problems between the two students. When a Temporary Protective Order was issued, Sage made reasonable efforts to comply, and instituted further protocols when A.R. expressed discomfort with the school's initial approach. Finally, after the protective order was dissolved, Sage created a supervision plan to help A.R. feel comfortable while still allowing N.J. to attend his classes.

In light of *Karasek* and the reasonable steps taken by the school, Plaintiffs' Title IX action cannot proceed, as Sage did not act with deliberate indifference in response to their daughter's sexual harassment complaint.

**AFFIRMED.**